UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALBERTO SILVA,                        )    Case No. CV 06-6366 JTL
                                      )
            Plaintiff,                )
                                      )    MEMORANDUM OPINION AND ORDER
      v.                              )
                                      )
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social                )
Security,                             )
                                      )
            Defendant.                )
_____       )

**PROCEEDINGS**

On October 10, 2006, Alberto Silva ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his application for Supplemental Security Income benefits. On October 31, 2006, Michael J. Astrue ("defendant") filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  On November 1, 2006, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on April 12, 2007, defendant filed an Answer to the Complaint.  On June 18, 2007, the parties filed their Joint Stipulation.

The matter is now ready for decision.

**BACKGROUND**

On July 25, 2005, plaintiff filed an application for supplemental security income benefits. (Administrative Record ["AR"] at 99-101). On July 27, 2005, plaintiff filed an application for disability insurance benefits. (AR at 45-47). The Commissioner denied plaintiff's applications for benefits. (AR at 22; 32-36; 102).

Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 30). On February 6, 2006, the ALJ conducted a hearing in Long Beach, California. (See AR at 103-28). At the hearing, plaintiff appeared with counsel and testified. (See AR at 107-20; 126-27). Alan Boroskin, a vocational expert, also testified at the hearing. (AR at 120-25).

On March 24, 2006, the ALJ issued his decision denying plaintiff's application for supplemental security income benefits and disability insurance benefits. (AR at 26-29). The ALJ determined that plaintiff was able to perform his past relevant work as a Christmas tree lot attendant or loader. (AR at 27, 28). In addition, the ALJ concluded that plaintiff had no exertional limitations, but was unable to perform close work or work requiring bilateral vision, should only work with large objects, and should avoid hazards such as working at heights, around dangerous machinery or automotive equipment. (AR at 28). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 28).

Plaintiff filed a timely request for review of the ALJ's decision with the Appeals Council. (AR at 6). The Appeals Council denied plaintiff's request for review. (AR at 3-5).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1.    The ALJ failed to properly evaluate plaintiff's obesity.

2.    The ALJ erred in accepting the testimony of the vocational expert.

3.    The ALJ failed to provide clear and convincing reasons for rejecting plaintiff's subjective symptom testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. §405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

///

///

///

///

///

DISCUSSION

**A.    The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or...can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §423(d)(1)(A).   The Commissioner has established a five-step sequential evaluation to determine whether a claimant is disabled.   20 C.F.R. §§404.1520, 416.920.

The first step in the sequential evaluation is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).   If the defendant is engaging in substantially gainful activity, disability benefits will be denied.   Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment.   Parra, 481 F.3d at 746.   Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations.   Id.   If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.   Bowen, 482 U.S. at 141.   Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.   Parra, 481 F.3d at 746.   If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity.   Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on

4

1    the claimant to establish his or her entitlement to disability

2    insurance benefits.  Parra, 481 F.3d at 746.  Once this prima facie

3    case is established by the claimant, the burden shifts to the

4    Commissioner to show that the claimant may perform other gainful

5    activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir.

6    2006).

7    **B.    The ALJ's Evaluation of Plaintiff's Obesity**

8         Plaintiff alleges that the ALJ failed to properly assess the

9    effects of plaintiff's obesity on his ability to work.  (Joint

10   Stipulation at 4).  Plaintiff argues that based on his height and

11   weight, he suffers from Level III obesity.  (Joint Stipulation at 5).

12   As a result, plaintiff contends that the ALJ erred in concluding that

13   plaintiff has no exertional limitations, specifically that plaintiff

14   could stand and walk without limitation.  (Joint Stipulation at 6).

15        Social Security Ruling 02-01p[1] defines obesity as a complex,

16   chronic disease characterized by excessive accumulation of body fat.

17   The extent of a person's obesity is categorized in three levels.[2]

18

19        [1] Social Security Rulings are issued by the Commissioner to
20   clarify the Commissioner's regulations and policies.  Bunnell v.
     Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991)(en banc).
21   Although they do not have the force of law, they are,
     nevertheless given deference "unless they are plainly erroneous
22   or inconsistent with the Act or regulations."  Chavez v. Dep't of
     Health & Human Servs., 103 F.3d 849, 851 (9th Cir. 1996).

23

24        [2] Social Security Ruling 02-01p adopts the National
     Institute of Health's medical criteria for diagnosis of obesity
25   which is based on an individual's Body Mass Index ("BMI").  An
     individual's BMI is the ratio of their weight in kilograms to the
26   square of their height in meters.  S.S.R. 02-01p.  There are
     three recognized levels of obesity.  Id.  Level I obesity
27   encompasses individuals with a BMI between 30.0 and 34.9, Level
     II encompasses individuals with a BMI beteen 35.0 to 39.9, and

28                                                    (continued...)

Level III obesity is termed "extreme" obesity and carries with it the greatest risk for developing obesity related impairments.   S.S.R. 02-1p.   However, the level of obesity from which an individual suffers does not correlate with any specific degree of functional loss.   <u>Id.</u> Instead, obesity is treated as a risk factor that increases an individual's chance of developing impairments.   <u>Id.</u>

According to the Social Security Rules, when evaluating obesity to determine a claimant's residual functional capacity, the ALJ must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular continuing basis.   S.S.R. 02-1p.   As with other impairments, the ALJ should explain how he determined whether obesity caused any physical or mental impairments.   <u>Burch</u>, 400 F.3d at 683.

Based on the record, plaintiff has not set forth any functional limitations resulting from his obesity that the ALJ failed to consider in his decision.   Plaintiff argues that the ALJ failed to properly assess the effects of plaintiff's obesity on his ability to work. There is no evidence in the record, however, that suggests plaintiff's obesity affected his ability to do any sustained work activities.

In the Disability Report questionnaire completed by plaintiff on August 3, 2005, plaintiff did not mention his obesity or the effects of obesity on his ability to work.   (<u>See</u> AR at 55-60).   When asked "[w]hat are the illnesses, injuries or conditions that limit your

---

[2](...continued)
Level III encompasses individuals with a BMI greater than or equal to 40.   S.S.R. 02-01p.
According to plaintiff's testimony, at the time of the hearing plaintiff weighed 290 pounds and was 62 inches tall.   (AR at 116).   Plaintiff's height and weight at the time of the hearing results in a BMI of 53.   (Joint Stipulation at 5).

ability to work", plaintiff replied, "[b]lurred vision; right eye blinded." (AR at 55). In response to the question "[h]ow do your illnesses injuries or conditions limit your ability to work," plaintiff made no mention of his obesity or obesity related limitations and, instead, stated, "I cannot find any kind of substantial work. I have very blurred vision and I cannot see from my right eye. My left eye also has very bad vision." (AR at 55-56).

Similarly, in plaintiff's Disability Report Appeal completed on November 2, 2005, plaintiff did not reference his obesity or the effects of obesity on his ability to work. (See AR at 77-83). In his appeal, plaintiff indicates that the only new illness, injury or condition he suffered from since his previous disability report was stress, and that he had gained weight due to lack of physical activity. (AR at 77, 81).

At the ALJ hearing on February 6, 2006, plaintiff made no mention of the effects of obesity on his ability to work. (See AR at 103-28). Plaintiff was represented by counsel at the hearing. (AR at 103). In his opening statement, plaintiff's counsel made no reference to plaintiff's obesity or the effects of obesity on plaintiff's ability to work. (AR at 106). Instead, his opening statement focused solely on plaintiff's impaired vision. (Id.). In response to questioning by the ALJ, plaintiff testified that he stopped working because his "eyes were getting bad." (AR 108). Plaintiff did not mention obesity, or the effects of obesity on his ability to work, even when the ALJ specifically asked plaintiff if anything, aside from his vision, would keep plaintiff from being able to work. (AR at 110-11). Plaintiff's response to the ALJ's question was that his legs and back hurt and that he sometimes experienced dizziness and pain in his left eye. (AR

at 111).  Plaintiff testified that his back pain was the result of a fall and made no mention of obesity as a contributing factor to his pain.  (AR at 111).  Even on direct examination by counsel, plaintiff did not mention the effect of obesity on his ability to work.[3]  (See AR at 105-28).

Plaintiff bears the burden of establishing his entitlement to disability insurance benefits, and of showing that his impairment, or combination of impairments, prevent him from doing his past relevant work.  Parra, 481 F.3d at 746.  Plaintiff failed to meet this burden with regard to his obesity.  Plaintiff provided no evidence of the effect of his obesity on his ability to work and failed to show that his obesity, combined with his other impairments, caused him any functional limitation.

Thus, plaintiff is asking that the Court make assumptions about his functional ability based solely on plaintiff's Body Max Index.  (See Joint Stipulation at 5-6).  The Social Security Regulations, however, specifically instruct the ALJ to "not make assumptions about the severity or functional effects of obesity combined with other impairments."  SSR 02-01p.  The ALJ's evaluation of the severity and

---

[3] Plaintiff's testimony at the hearing regarding his weight was limited to the following testimony on direct examination by counsel:
Q: How tall are you, by the way?
A: 5', about 5'2.
Q: How much do you weigh?
A: About 290 pounds.
Q: Is that your usual weight?
A: No, I used to be thinner.  It's just, since I've been disabled, I've been sitting around a lot, you know what I mean?  I can't, I'm scared to even go out, move around because look at me.  You know, if I fall down, it's very hard for me to get up, you know.
(AR at 116).

1   functional effects of obesity was consistent with Social Security

2   Ruling 02-01p and the ALJ committed no error in his evaluation of

3   plaintiff's obesity.

4   **C.   <u>The ALJ's Use of the Vocational Expert's Testimony</u>**

5        Plaintiff claims that the ALJ erred in accepting the testimony of

6   the vocational expert because it was based upon an incomplete

7   hypothetical. (Joint Stipulation at 9-10). Defendant claims that the

8   particular hypothetical with which plaintiff takes issue was not the

9   hypothetical upon which the ALJ based his decision. (Joint

10  Stipulation at 10-11). In his Reply, plaintiff concedes that

11  defendant is correct with respect to this issue. (Joint Stipulation

12  at 11). Accordingly, the ALJ's decision was proper.

13  **D.   <u>Plaintiff's Credibility</u>**

14       Finally, plaintiff alleges that the ALJ he failed to provide

15  clear and convincing reasons for rejecting plaintiff's subjective pain

16  testimony. (Joint Stipulation at 12-13).

17       Pain of sufficient severity caused by a medically diagnosed

18  "anatomical, physiological, or psychological abnormality" may serve as

19  the basis for a finding of disability. 42 U.S.C. § 423(d)(5)(A); <u>see</u>

20  <u>Light</u>, 119 F.3d at 792. However, an ALJ need not believe every

21  allegation of disabling pain. See <u>Orteza v. Shalala</u>, 50 F.3d 748, 750

22  (9th Cir. 1995). Where there is no evidence of malingering, an ALJ

23  may reject a claimant's testimony regarding the severity of his or her

24  symptoms if the ALJ sets forth legally permissible, specific, clear

25  and convincing reasons for doing so. <u>Smolen v. Charter</u>, 80 F.3d 1273,

26  1283-84 (9th Cir. 1996). The ALJ must specifically identify what

27  testimony is credible and what evidence undermines the claimant's

28

1    complaints.  Morgan v. Comm'r of the Social Security Admin., 169 F.3d
2    595, 599 (9th Cir. 1999).

3        A finding that the claimant lacks credibility cannot be based
4    wholly on a lack of medical support for the severity of his pain.
5    Light, 119 F.3d at 792.  A claimant need not produce evidence of pain
6    other than his own subjective testimony.  Smolen, 80 F.3d at 1282.
7    Nor must a claimant present objective medical evidence of a causal
8    relationship between the impairment and the type of symptom.  Id.;
9    Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995).  Rather, the
10   claimant need only produce objective medical evidence of an underlying
11   impairment which could reasonably be expected to produce the pain or
12   other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th
13   Cir. 1991) (en banc); SSR 96-7p; see also SSR 96-3p.  This approach
14   reflects the Ninth Circuit's recognition of the "highly subjective and
15   idiosyncratic nature of pain and other such symptoms," such that
16   "[t]he amount of pain caused by a given physical impairment can vary
17   greatly from individual to individual."  Smolen, 80 F.3d at 1282.

18       When evaluating a claimant's credibility, the ALJ should consider
19   the claimant's reputation for lying, prior inconsistent statements
20   concerning his symptoms, and other testimony by the claimant that
21   appears less than candid; unexplained or inadequately explained
22   failure to seek treatment or to follow a prescribed course of
23   treatment; and the claimant's daily activities.  Smolen, 80 F.3d at
24   1284.  Conflicts in a claimant's statements or testimony support a
25   finding that the claimant lacks credibility.  Fair v. Bowen, 885 F.2d
26   597, 604 n.5 (9th Cir. 1989).

27       An ALJ's findings are entitled to deference if they are supported
28   by substantial evidence in the record and are sufficiently specific

for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell, 947 F.2d at 345-56. As discussed below, taken as a whole, the ALJ's reasons for rejecting plaintiff's credibility withstand scrutiny.

Here, the ALJ provided three reasons for rejecting plaintiff's testimony. First, the ALJ found that the medical evidence in the record indicated plaintiff retained adequate vision in his left eye. (AR at 27). Plaintiff testified he had difficulty finishing housework and other chores because he is blind in his right eye and indicated deteriorating vision. (AR at 73, 84). However, the medical evidence indicates plaintiff retained limited vision in his left eye. (AR at 86-88). Based upon evaluation of the medical records, the ALJ determined plaintiff "had a mildly constricted field of vision and a good prognosis." (AR at 27). In addition, the ALJ relied on the opinion of the state agency physician who opined plaintiff could perform work at all exertional levels, with the exception of the inability to perform close work, work requiring bilateral vision, and work around hazards such as heights, dangerous machinery or automotive equipment. (AR at 27, 89-98).

Next, the ALJ noted that no doctor had stated that plaintiff could not work because of his vision problem. (AR at 27). Plaintiff is required to produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the visual impairment he alleges. See Bunnell, 947 F.2d at 344. As discussed above, after reviewing the objective medical evidence in the record, the ALJ concluded that the medical evidence did not support the

existence of a disabling impairment that could reasonably be expected to produce plaintiff's alleged symptoms. (AR at 27).

Finally, the ALJ properly cites to plaintiff's failure to seek medical treatment as a factor in his decision to reject plaintiff's subjective complaints. (AR at 27). Plaintiff offers no explanation of why he did not seek treatment for his deteriorating vision. Such failure to seek treatment, given his allegations of disabling pain, constitutes an adequate ground for rejecting plaintiff's credibility.

An ALJ may rely on a plaintiff's conservative treatment regimen to reject a plaintiff's testimony of disabling limitations or disabling pain. Fair v. Bowen, 885 F.2d at 604. In Fair v. Bowen, the Ninth Circuit affirmed an ALJ's credibility decision where the ALJ stated, among other things, that the claimant received only minimal conservative treatment for his various complaints. Id. The Ninth Circuit also noted that a plaintiff could overcome an ALJ's credibility decision by offering a credible explanation about the lack of more serious treatment. See id. ("While such reasoning may not hold up in all cases (there may be claimants with good reasons for not seeking treatment and credible explanations for their ability to work inside but not outside the home), it is sufficient here, as Fair has not put forward any evidence that reconciles the inconsistency between his words and his actions."); see also 20 C.F.R. § 404.1530 (listing acceptable reasons for failure to follow prescribed treatment).

Thus, the Court concludes that the ALJ did not err in rejecting plaintiff's subjective complaints and credibility.

///

///

///

12

1                                     **ORDER**

2          After careful consideration of all documents filed in this

3     matter, this Court finds that the decision of the Commissioner is

4     supported by substantial evidence and that the Commissioner applied

5     the proper legal standards.  The Court, therefore, AFFIRMS the

6     decision of the Commissioner of Social Security Administration.

7     **LET JUDGMENT BE ENTERED ACCORDINGLY.**

8     DATED: September 7, 2007

9

10                                    _____/s/_____

11                                    JENNIFER T. LUM
                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28